UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> LUCENTE ASPHALT PAVING CO., INC and EDITH LUCENTE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No.: |

# COMPLAINT

**(Count I)**
(as Lucente Asphalt Paving Co., Inc.)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 *et seq.*, brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

4. The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, Massachusetts 01803.

5. Defendant Lucente Asphalt Paving Co., Inc. ("Lucente Asphalt") is a Massachusetts corporation with a principal place of business at 23 Creston Street, Worcester, Massachusetts 01604.

6. Defendant Lucente Asphalt is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and employers in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. § 142(1) and § 152(2),(6) and (7).

7. Defendant Edith Lucente ("Ms. Lucente") is an individual residing in Worcester, Massachusetts and is the President, Treasurer, Secretary and Director of Defendant Lucente Asphalt.

8. Teamsters Local Union No. 170 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

9. At all material times, Defendant Lucente Asphalt was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Union No. 170 and by the terms of Agreement and Declaration of Trust to which Defendant Lucente Asphalt was bound to make contributions on behalf of certain employees to the Pension Fund.

10. On or about June 30, 2012, Defendant Lucente Asphalt permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

11. By letter dated May 29, 2013, the Pension Fund notified Defendant Lucente Asphalt that it had withdrawn and demanded payment of Defendant Lucente Asphalt's proportionate share of the Pension Fund's unfunded vested benefit liability.

12. In demanding payment of Defendant Lucente Asphalt's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $116,982 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on July 29, 2013.

13. Defendant Lucente Asphalt failed to make any payments on or before July 29, 2013.

14. Defendant Lucente Asphalt has filed to timely initiate arbitration of any dispute concerning the Pension Fund's demand for withdrawal liability.

15. By letter dated October 15, 2015, the Pension Fund sent Defendant Lucente Asphalt a "Notice of Default" indicating that if Defendant Lucente Asphalt's failure to pay was not cured within sixty (60) days of the date the first payment was due, the total outstanding amount of withdrawal liability plus accrued interest on the total outstanding liability from the date the first payment was due.

16. Defendant Lucente Asphalt has failed to make any withdrawal liability payments to the Fund and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

17. In violation of ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), Defendant Lucente Asphalt has failed to pay its withdrawal liability to the Fund.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Lucente Asphalt Pacing Co., Inc. in accordance with ERISA § 4301, 29 U.S.C. § 1451, ERISA § 515, 29 U.S.C. 1145, ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2):

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability in the amount of $116,982;

    b. interest on the withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

**(Count II)**
(Failure to Answer Withdrawal Liability Questionnaire)

18. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1-17 of this Complaint.

19. On October 27, 2015, Plaintiff sent Ms. Lucente a Withdrawal Liability Questionnaire pursuant to ERISA § 4219(a), 29 U.S.C. § 1399(a) attached hereto as Exhibit A.

20. Responses to the Questionnaire were due within thirty (30) days of October 27, 2015.

21. As of this date, Ms. Lucente has not submitted responses to the Withdrawal Liability Questionnaire.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Edith Lucente in accordance with ERISA § 4301(a)(1), 29 U.S.C. § 1442(a)(1):

    a. Ordering Defendant Edith Lucente to respond to the Plaintiff's Withdrawal Liability Questionnaire;

    b. Awarding the Pension Fund all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

    c. Awarding such other, further and different relief as may be just and proper.

Dated:  April 20, 2016 							Respectfully submitted,

Catherine M. Campbell
BBO # 549397
Feinberg, Campbell & Zack, PC
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976

/s/ Catherine M. Campbell
Attorney for Plaintiff,
Charles Langone

**CERTIFICATE OF SERVICE**

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, on this date, to the United States Secretaries of Labor, Department of Treasury and the Pension Benefit Guaranty.

Dated:  April 20, 2016							/s/ Catherine M. Campbell
									Catherine M. Campbell